McEabland, J.,
delivered the opinion of the court.
This is a motion made by the State to recover of *373 Robt. Chadwell, tax collector for Davidson county, and his sureties on his official bond, $19,364.19, a balance of revenue claimed to be due the State from said collector, for the year 1871. The motion was heard before Hon. Jas. W. McHenry, Special Judge, and judgment rendered in favor of the State, for a balance of $11,995.67, and $1,170 interest, and the defendants have appealed from the judgment. The balance claimed in the Comptroller’s statement of the account, upon which the motion was predicated, was the amount moved for, but on the trial, credits were allowed for errors and insolvencies allowed by the County Court, and commissions on the amount collected and paid over, reducing the balance to the amount of the judgment rendered below. The only question now is, whether the court was correct in refusing to Chadwell credits for two items claimed by him: one an item of $10,808.92j the amount of State tax due on real estate reported by him to the Circuit Court for condemnation; the other, $1,670, fees for making the sales of the lands.
The Code, sec. 648, enacts that “on settlement of his accounts with the Comptroller and County Trustee, the collector shall be allowed a credit,” as therein specified, setting forth seven different credits. The 5th is “for taxes on all lands and town lots reported by him for non-payment of taxes due thereon.”
Other sections give special direction as to the duties of the collector, among which, is the duty to report to the Circuit Court, for condemnation, all lands in cases where there are no goods or chattels to distrain: *374 Code 612. And upon making this report as required by law, the collector is entitled to a credit against the aggregate of taxes charged against him for the whole amount of taxes due on the lands thus reported. This is the credit specified in sub-sec. 648, above refenred to. Code, 652, enacts that the evidence upon which the 5th credit is allowed, shall be a copy of the collector’s report, certified by the clerk, under the seal of the court. When the report is duly made by the collector, he is entitled to the credit at once. After the land is condemned, if it be afterwards sold 'and money received by the collector, he is to be charged with the amount thus received upon the report of the clerk: Dawson v. Griffin, 4 Sneed, 381. Although the provisions of the article of the Code referred to, has more direct reference to the settlement to be made, and accounts to be kept by the Comptroller, yet, we think, they also furnish the ground upon which the collector’s liability is to be determined by the court. It is maintained by the Attorney General, that Chadwell is not entitled to the credit in the present case, because he did not make the report at the time required by law. It appears that he received the tax books from the clerk of the County Court on the 27th of October, 1871. That he made the report in question, on the 7th of March, 1873, during the January Term, 1873, of the Circuit Court of Davidson county.
This raises the question, within what time does the law require the collector to perform his duties, and especially the duty of making the report in question, in order to entitle him to the credit?
*375 The bond of the collector binds him to faithfully collect, and pay over all taxes by him collected, or which ought to be collected, by the last day of December : Code, 599.
It is made the duty of the Comptroller to report delinquent tax collectors, and any officer failing to collect, make return, or settle or pay over moneys of the State by him received, at the time and in the manner required by law, may be proceeded against summarily upon the instruction of the Comptroller, whose statement of the account is prima faoie evidence of the amount due: Code, 730, et seq.
Code, 612, enacts that “in case there are no goods and chattels on which the collector can make distress for public taxes, he shall make report thereof to the Circuit Court of the county, at the first term in each year, for the preceding year or years, or at any term of the courts,” etc. "We think it manifest, that it was not the intention of the Legislature to leave it to the discretion or option of the collector to make this report, at any time after the first of the succeeding year. Such construction would not make it obligatory upon him to comply with this duty by any particular time.
These sections taken together, evidently contemplate that the collector shall complete his duties by the last day of December, and his failure to do so, puts him in default, and renders him liable to motion.
But the law requires the tax books to be made out by the clerks of the County Court, from the original assessment books, and delivered to the col *376 lector by the first Monday in May. This duty he is required under severe penalties to perform: Code, 588, 589. By recent Act, this is changed to first Monday in April. The tax books thus made out, is the collector’s authority for collecting the taxes, and without the book he is not bound to proceed.[1] It often happens, as it did in the present case, that for some reason this duty was not performed in the time required. In the present case, the tax book was not received by the collector until the 27th of October, 1871. Was he still bound to collect the taxes and discharge all his duties by the last day of December, only about two months? This would be a very harsh construction, and the result would be that the tax book might be delivered to the collector a few days before the last day of December, leaving him no time to discharge his duties, and still he would be liable to judgment for the whole amount of the taxes, immediately upon the expiration of the time. It is argued that he still might go on afterwards and collect the taxes to reimburse himself and sureties. But we think the more reasonable construction would be, that the liability of the collector to be proceeded against instantly, after the last day of December, must depend upon his being put in a condition to discharge this duty. The corresponding duty of the other officers and agents of the State must also be performed; at least, such as are absolutely essential to enable the collector to perform his. We are not to suppose that the Legislature intends to require absolute impossibili *377 ties, and to require an officer to perform a duty within a particular time, even when, by the failure of another officer and agent of. the State to perform his duty, it becomes absolutely impossible for the former to discharge his duties within the time limited.
We think a reasonable and just construction of these Acts is, that when the clerk of the court fails to furnish the collector with the books at the time fixed by law, the collector shall be allowed the same time he would have been allowed, had the book been delivered to him at the proper time — that is, a time corresponding with the time from the first Monday in May or April, as now fixed, until the last day of December; and for reporting lands for unpaid taxes, until the first court of the county, after the expiration of the time, and in this view, probably section 612 provides the report of the lands shall be made at the first court of the succeeding year, or any other term. As to the tax payer, the condemnation would not be invalidated by not being made at the first term, although the collector might be in default for failing to do so.
But in the present case, giving to the collector the full benefit of the time as above indicated, he was still in default. The terms of the court for Davidson county, were the - Mondays of May, January and September. According to the rule we have above given, he was not in default for failing to make his report to the January Term, 1872, but certainly was in default for failing to report to the September Term, 1872, if not to the May Term.
*378 In answer to this, it was attempted to be shown by proof, that it was impossible for the collector to perform the various duties required of him by law, within a shorter period than the duties were performed in the present case, in a county so populous as the county of Davidson, including the city of Nashville. Upon this a pretty strong case is made, but we are of opinion that this is not a question to be determined in this mode. It is not a case of absolute impossibility, in view of the power of the collector to appoint deputies. And while it is manifest that in the county of Davidson the duties are rather greater than in a small county, and the difficulty of performing the duty much greater, still, the law has made no distinction; if a change ought to be made, it is a subject for legislation, but beyond the power of the court. We think the law has fixed a time within which his duty must be performed. It would be a dangerous construction of these laws, to say that this obligation shall be saved, provided the collector shall prove thaí he has used his best efforts, and was not able to complete his duties earlier. This might too often defeat the force of the law altogether. Experience has shown that a rigid enforcement of the law is absolutely essential to protect the State and tax payer from defaulting tax collectors; and we hold that the time within which these duties are to be performed, is a question of law arising upon the statutes, and not a question of fact as to how long it would require to perform the duty. Provisions are made by which the collector shall not suffer, for he may for *379 two years collect the taxes, and thus indemnify himself, even after judgment against him.
In the present case, the collector has been remarkably faithful, having paid every dollar charged to him, except the amount in question due on lands, and as to this, his default was as to the time, and although according to the proof, he made his report as soon as has been the custom, still, according to our construction of the the law, we feel bound to hold that he was in default.
A question has been discussed, which we notice, but do not decide. It appears that after the lands reported were condemned, the collector advertised them for sale on the first Monday in July, as required by law, and on that day was present and began the sale, but owing to the prevalence of cholera in an epidemic form in the city of Nashville, after offering part of the property, he postponed the sale until the next Monday. On the latter day he again offered part of the property, but for the same reasons postponed the sale until the next succeeding Monday, when the sale was begun and completed. The proof shows that this course was adopted in accordance with legal advice, and the facts, so far as they could authorize this action, were well proven, as the cholera prevailed to an alarming extent, suspending business in a great measure. As we hold this collector not entitled to a credit for the amount due on these lands, by reason of his failure to make his report thereof as required by law, we express no opinion as to the legality of his action, or as to the validity of the sales made *380 after the first day. This question does not arise here, but will arise when these sales are brought in- question, between the owners of the land and the purchasers.
We think there is no error in the judgment, and it will be affirmed.

 See post p. 290, Prince v. Britt, et als.